** NOT FOR PRINTED PUBLICATION **

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| RICHARD JAMES JOHNSON | § | |
| VS. | § | CIVIL ACTION NO. 9:18cv51 |
| DIRECTOR, TDCJ-CID | § | |

### ORDER OVERRULING OBJECTIONS AND ACCEPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Richard James Johnson, an inmate confined at the Allred Unit, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends the petition be dismissed.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record and pleadings. Petitioner filed objections to the Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court concludes petitioner's objections should be overruled. Petitioner objects that Rule 60(b) provides an avenue of relief for his claims that the state court sabotaged his appeals and the trial judge forged his waiver of a jury trial. However, this court does not sit as a court of appeal and error for state court proceedings. *See Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986). Since petitioner has previously challenged his conviction in federal court,

petitioner must obtain authorization from the appropriate court of appeals authorizing the district court to consider the application pursuant to 28 U.S.C. § 2244(b)(3)(A), as amended by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA").  Petitioner did not obtain the necessary authorization for the district court to consider his application.  Therefore, the action should be dismissed.

Additionally, in the alternative, petitioner's claims are barred by the applicable one-year statute of limitations.  Petitioner asserts that his claims are based on alleged newly discovered evidence based on his claim that two witnesses came forward in 2013.  Accordingly, this petition, filed more than five years later, should be dismissed as barred by limitations.

Furthermore, petitioner is not entitled to the issuance of a certificate of appealability.  An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability.  *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b).  The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the movant to make a substantial showing of the denial of a federal constitutional right.  *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982).  In making that substantial showing, the movant need not establish that he should prevail on the merits.  Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further.  *See Slack*, 529 U.S. at 483-84.  Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the movant, and the severity of the penalty may be considered

in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by the movant are not novel and have been consistently resolved adversely to his position. In addition, the questions presented are not worthy of encouragement to proceed further. Therefore, petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Accordingly, a certificate of appealability shall not be issued.

## O R D E R

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ACCEPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

So ORDERED and SIGNED, Nov 24, 2020.

Ron Clark
Senior Judge